**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-1497**

JOHN DOE,

       Plaintiff - Appellant,

     v.

WALLACE LOH, Individually, and in his capacity as an employee of the University of Maryland, College Park, jointly and severally; LINDA CLEMENT, Individually, and in her capacity as an employee of the University of Maryland, College Park, jointly and severally; CATHERINE A. CARROLL, Individually, and in her capacity as an employee of the University of Maryland, College Park, jointly and severally; ANDREA GOODWIN, Individually, and in her capacity as an employee of the University of Maryland, College Park, jointly and severally; JOSH BRONSON, Individually, and in his capacity as an employee of the University of Maryland, College Park, jointly and severally; THE BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF MARYLAND,

       Defendants - Appellees,

    and

KEIRA MARTONE, Individually, and in her capacity as an employee of the University of Maryland, College Park, jointly and severally,

       Defendant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Paula Xinis, District Judge.  (8:16-cv-03314-PX)

Argued:  February 19, 2019            Decided:  April 24, 2019

Before MOTZ, KING, and THACKER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**ARGUED:** Ronald Lee Schwartz, RONALD L. SCHWARTZ, ATTORNEY AT LAW, College Park, Maryland, for Appellant. Christopher Bowie Lord, OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Baltimore, Maryland, for Appellees. **ON BRIEF:** Brian E. Frosh, Attorney General, Catherine A. Bledsoe, Assistant Attorney General, C. Alexander Hortis, Assistant Attorney General, Educational Affairs Division, OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Baltimore, Maryland, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Doe ("Appellant") appeals the district court's dismissal of his procedural due process and Title IX discrimination claims against Wallace Loh, Linda Clement, Catherine Carroll, Andrea Goodwin, Josh Bronson, and the Board of Regents of the University System of Maryland (collectively, "Appellees"). For the reasons stated by the district court, we affirm.

Appellant was a student at the University of Maryland College Park (the "University") until his expulsion on September 30, 2015. On December 15, 2014, another student, Jane Roe, accused Appellant of sexual misconduct. After an investigation and a hearing before the University's Standing Review Committee (the "Committee"), Appellant was found to have engaged in sexual misconduct. As a result, Appellant was expelled from the University. In response, Appellant filed suit in the United States District Court for the District of Maryland, raising procedural due process and Title IX discrimination claims against Appellees.

Appellees filed a motion to dismiss for failure to state a claim. The district court granted Appellees' motion and dismissed Appellant's claims with prejudice.

As to Appellant's due process claim, the district court concluded that Appellant "received adequate notice, a meaningful investigatory process, and [a] sufficient opportunity to be heard by an independent decision-making body in connection with his

3

expulsion." J.A. 462.* The district court further held that, although Appellant alleged bias, he failed to allege anything beyond conclusory statements to establish that the Committee was biased against him.

As to Appellant's Title IX claim, the district court held that Appellant failed to plausibly aver the elements of an erroneous outcome claim -- namely: (1) Appellant was subjected to "a procedurally flawed or otherwise flawed proceeding"; (2) which "led to an adverse and erroneous outcome"; and (3) involved "particular circumstances" that suggest "gender bias was a motivating factor behind the erroneous finding." *Yusuf v. Vassar Coll.*, 35 F.3d 709, 715 (2d Cir. 1994). Specifically, the district court found that Appellant presented no more than conclusory allegations of gender bias. And, as to the limited specific allegations Appellant did make, Appellant admitted that those allegations lacked factual support. For example, Appellant asserted "that 'virtually all' claims at [the University] are lodged by female victims," but later, "admitted that he had no factual basis to support such a sweeping pronouncement." J.A. 465. Nor did Appellant allege facts to create a plausible inference that any erroneous finding was the result of gender bias. Given the lack of specific, good faith factual allegations, the district court concluded that Appellant "failed to aver sufficient facts to demonstrate that [Appellees] were motivated by gender bias in proceeding against him for sexual misconduct" and, thus, his Title IX claim must too fail. *Id.* at 467.

---

* Citations to the "J.A." refer to the Joint Appendix filed by the parties to this appeal.

4

For the reasons stated by the district court, we affirm.

*AFFIRMED*